## Krohn *v.* Anderson et al.

[No. 3,852. Filed June 19, 1902.]

Appeal and Error.—*Harmless Error.*—Where the court expressly found against plaintiff upon the entire complaint, the overruling of a demurrer to one of its paragraphs is not available error on appeal. *p. 380.*

Evidence.—*Principal and Agent.*—*Notary Public.*—Where in a proceeding to foreclose a mortgage the evidence showed that the mortgagee told the mortgagor that he would send a certain notary public to the home of the mortgagor to have the note and mortgage executed, and that whatever he did would be all right, evidence as to statements made by the notary to the wife relative to the mortgage was admissible against the mortgagee. *pp. 380–382.*

From Delaware Circuit Court; *J. G. Lefler,* Judge.

Suit by Felix P. Anderson against John S. Krohn to cancel a mortgage and quiet title. Defendant filed a cross-complaint seeking the enforcement of his mortgage. From a judgment foreclosing the mortgage granting defendant a portion of his demand, he appeals. *Affirmed.*

*J. W. Ryan* and *W. A. Thompson,* for appellant.

*J. N. Templer, C. C. Ball, E. R. Templer, R. S. Gregory, A. C. Silverburg* and *O. J. Lotz,* for appellees.

Krohn v. Anderson.

BLACK, J.—The appellee Felix P. Anderson brought suit against the appellant, the complaint consisting of four paragraphs, a demurrer to each of which, for want of sufficient facts, was overruled. The appellant answered, and also filed a cross-complaint against the plaintiff and the other appellees, Mary A. Anderson wife of the plaintiff and the Aetna Life Insurance Company. No question is here made concerning the insurance company.

In this court the appellant has questioned the action of the court below in overruling his demurrer to the second paragraph of the complaint. In that paragraph the plaintiff sought to have a certain note made by him to the appellant for $1,500, and a mortgage on the plaintiff's real estate executed by him and his wife to secure the note, adjudged invalid and of no force or effect, and to have the plaintiff's title to the real estate quieted against the mortgage and all claims of the appellant, and to recover damages; the alleged ground for the relief prayed being that the note and mortgage were given without any consideration. By the cross-complaint of the appellant he sought the foreclosure of the mortgage mentioned in the complaint.

On the trial the court found for the appellant against the plaintiff upon the complaint, and found in favor of the appellant on his cross-complaint and upon the mortgage therein sued upon, and judgment was rendered accordingly; the mortgage being foreclosed in favor of the appellant. The court having expressly found against the plaintiff upon the entire complaint, the overruling of the demurrer to one of its paragraphs could not be an available error.

Some question is made concerning the admission of certain testimony of the appellee Felix P. Anderson and of one John Hook relating to a statement of one LeFavour made in the absence of the appellant. The character and amount of the consideration of the note and mortgage were in dispute. There was evidence that the appellant himself

proposed the making of the mortgage to secure sums which he proposed to furnish thereafter to Anderson if he should need money to carry on a certain lawsuit in which Anderson was seeking to recover possession of certain horses from one McLain, the appellant also proposing that he would furnish horses to Anderson if he should need them, the money and horses so furnished "to go on the mortgage;" that it was agreed that the appellant would send the note and mortgage to Anderson's home the next day for signing; that the appellant said to Anderson, "I will send Joe LeFavour up there to see after it and fix it up with you and your wife to-morrow, and whatever you and him does, why, is all right." The next day LeFavour took the note and mortgage to the home of the Andersons. The court, over appellant's objection, permitted the appellee Felix P. Anderson to testify that before the mortgage was signed, LeFavour there stated to Mrs. Anderson, in the presence of the witness,—John Hook also being present,—that the note "is to secure him, provided he needs money for that lawsuit between him and McLain. He is to let him have money, provided he needs any." Mrs. Anderson said to LeFavour, "There is not any money paid to-day?" To which he answered, "No, sir. No money paid at all." John Hook also was permitted, over appellant's objection, to testify to the statement of LeFavour on this occasion. The court in overruling the objection to the question propounded to Mr. Anderson, expressly based its ruling upon the statement of the witness that the appellant said he would send LeFavour, and whatever he did would be all right.

The mortgage in suit was acknowledged before Joseph LeFavour as notary public. It thus appeared that LeFavour was deputed not merely to procure a signature or to take an acknowledgment, but also to explain for the appellant to Mrs. Anderson the character of the transaction. The court below regarded him as having authority as an agent to such extent, and we can not say that there was not

sufficient ground for such conclusion. He was to. be sent by appellant to "see after it and fix it up with Anderson and his wife, and whatever he did would be all right." The appellant himself, having reference to the same occasion, testified on the trial to the same effect,—that he told Le-Favour to tell Mrs. Anderson all about it, and whatever he did would be all right.

There is no pretense that the mortgage was given to secure a debt preëxisting or then created, amounting in fact to the sum mentioned in the note and mortgage. The amount actually due from Anderson to the appellant was ascertained on the trial, and for that amount he obtained judgment, with the foreclosure of the mortgage. If the amount was too small, there has been no effort to indicate such an objection here. The appellant does not appear to have been wrongly affected by the evidence in question.

Judgment affirmed.